UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD GERARD CHILDS,

    Plaintiff,

v.                                                Case No. 1:17-cv-1131
                                                Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,

_____/

## OPINION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security Administration (Commissioner) which denied his claim for disability insurance benefits (DIB) and supplemental security income (SSI).

Plaintiff alleged a disability onset date of July 31, 2011. PageID.487. Plaintiff identified his disabling conditions as obsessive compulsive disorder, anxiety, and depression. PageID.452. Prior to applying for DIB and SSI, plaintiff completed the 12th grade and worked as a bartender/waiter, delivery driver, and assembler. PageID.108-109, 453. An administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on December 15, 2016. PageID.95-111.[1] This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

---

[1] This case was before ALJ Donna J. Grit, on remand from the Appeals Council pursuant to a remand from this Court. *See Childs v. Commissioner*, 1:15-cv-804 (W.D. Mich.).

## I. LEGAL STANDARD

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905

F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II.     ALJ's DECISION

Plaintiff's claim failed at the fourth step. At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of July 31, 2011, and that he met the insured status of the Social Security Act through September 30, 2012. PageID.98. At the second step, the ALJ found that plaintiff had severe impairments of major depressive disorder, post-traumatic stress disorder (PTSD), generalized anxiety disorder (GAD), obsessive-compulsive disorder (OCD), dependent personality disorder, and dysthymia. PageID.98. At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.99.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he cannot climb ladders, ropes, or scaffolds. He can do no commercial driving, and cannot work at unprotected heights, or with dangerous moving machinery. He can understand, remember, and apply information to perform simple tasks, and make simple decisions. He can have no interaction with the public, and can only occasionally interact with coworkers and supervisors. And he can adapt to occasional changes in workplace routine.

PageID.101. The ALJ also found that plaintiff was capable of performing his past relevant work as an assembler. PageID.108.

While the ALJ found that plaintiff was not disabled at the fourth step, she proceeded to the fifth step, where she found that plaintiff could perform a significant number of unskilled jobs at the light exertional level. PageID.109-110. Specifically, the ALJ found that plaintiff could perform the requirements of the following light, unskilled work in the national economy: garment sorter (52,000 jobs); assembler of small products (63,000 jobs); and folder (54,000 jobs) PageID.109-110. Accordingly, the ALJ determined that plaintiff has not been under a disability,

as defined in the Social Security Act, from July 31, 2011 (the alleged onset date) through December 15, 2016 (the date of the decision). PageID.110-111.

### III. DISCUSSION

Plaintiff set forth four issues on appeal:

**A. The ALJ committed reversible error by not properly considering the opinion of plaintiff's treating physician as well as the opinions of the consultative psychologists.**

Plaintiff has presented a collection of brief arguments spanning several pages. Plaintiff's position is that the ALJ erred in evaluating all of the medical opinions. By supplying the Court with a lengthy statement of facts and short critiques of the ALJ's decision, plaintiff is essentially asking this Court to decide this case de novo. This is something the Court will not do. This Court does not review the evidence de novo, make credibility determinations or weigh the evidence. *Brainard*, 889 F.2d at 681. The only claims of error which are briefed in a substantive form are that the ALJ improperly reviewed the findings of Dr. Kieliszewski and Dr. Peterson.

### 1. Dr. Kieliszewski

Plaintiff contends that the ALJ simply dismissed Dr. Kielszewski's findings as vague and not appropriate. The ALJ addressed Dr. Kieliszewski's opinion as follows:

> The opinions of the consultative examiner, Jeffrey Kieliszewski, PhD, are given little weight. Dr. Kieliszewski evaluated the claimant in February of 2013 (Ex. 3F). He noted that based on the available data, and the claimant's reports, the claimant had quite significant mental health problems, which were debilitating (Ex. 3F/4). He also noted that the claimant's treatment did not appear to result in any substantial symptom control at that time (*Id.*). He gave the claimant a GAF rating of 56, and a quite-guarded prognosis (*Id.*).
>
> The GAF rating is given little weight, for the reasons noted above concerning GAF ratings. And the quite-guarded prognosis is given little weight, because it is vague, and did not indicate the claimant's remaining functional abilities. The conclusion that the claimant's mental health problems were debilitating is an opinion on an issue reserved to the Commissioner. And the conclusion that the claimant's treatment up to that point did not result in any

5

> substantial symptom control was inconsistent with the claimant's treatment notes, which indicated that that he had reported improvement in his symptoms with the treatment he had received (Ex. 1F/6, 7F/10, 12, and 14). Finally, Dr. Kieliszewski acknowledged that the claimant appeared to be exaggerating his potential cognitive difficulties, which significantly undermines Dr. Kieliszewski's findings and opinions, in addition to the claimant's allegations of disabling symptoms (Ex. 3F/2-3). Therefore, the opinions of Dr. Kieliszewski are given little weight.

PageID.106.

Non-treating physicians are not granted the presumption of controlling weight afforded to treating physicians under 20 C.F.R. § 404.1527(c). *See Coldiron v. Commissioner of Social Security*, 391 Fed. Appx. 435, 442 (6th Cir.2010), citing *Atterberry v. Secretary of Health & Human Services*, 871 F.2d 567, 572 (6th Cir.1989). While the ALJ is required to give "good reasons" for the weight assigned a treating source's opinion, *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004), this articulation requirement does not apply when an ALJ evaluates the report of a medical source who is not a treating physician. *See Smith v. Commissioner of Social Security*, 482 F.3d 873, 876 (6th Cir.2007). However, "the ALJ's decision still must say enough to allow the appellate court to trace the path of his reasoning." *Stacey v. Commissioner of Social Security*, 451 Fed. Appx. 517, 519 (6th Cir. 2011) (internal quotation marks omitted). Here, the ALJ provided a reasoned evaluation of Dr. Kieliszewski's opinions. Accordingly, plaintiff's claim of error is denied.

### 2. Dr. Peterson

Plaintiff contends that Dr. Peterson's report "was faulted for being vague and for not specifically addressing how Plaintiff's abilities to function at work would be affected." Plaintiff's Brief (ECF No. 11, PageID.1058). The ALJ evaluated Dr. Peterson's opinion as follows:

> Finally, the opinions of the consultative examiner, Glen Peterson, PhD, are given limited weight. Dr. Peterson evaluated the claimant in March of 2016, and

> concluded that he had a guarded prognosis, and that effective intervention would require coordinated effort by several agencies, and it was not likely that the claimant would ever initiate the effort (Ex. 23F/6). The guarded prognosis is vague, and did not provide information about the claimant's remaining functional abilities. Dr. Peterson found that the claimant had a dependent personality disorder that was unlikely to change without significant treatment. However, the claimant's personality disorder is longstanding, and the record indicated that he worked effectively in the past, despite the personality disorder. Additionally, Dr. Peterson gave no real explanation on how this diagnosis would affect the claimant's work activities, other than that he preferred to be "very dependent" on others. The limitations in the residual functional capacity accommodate the claimant's mental impairments. Therefore, the opinions of Dr. Peterson are given limited weight.

PageID.108. The ALJ provided a reasoned evaluation of Dr. Peterson's opinions. *Stacey*, 451 Fed. Appx. at 519. Accordingly, the claim of error is denied.

### B. The ALJ committed reversible error by failing to properly consider the finding of the state disability agency.

Plaintiff contends that the ALJ failed to properly evaluate a disability decision by the State of Michigan. The ALJ addressed the state's decision as follows:

> The opinions noted in the State of Michigan Department of Human Services disability decision in Exhibit 14F are given no weight. In a decision dated September 27, 2013, the claimant was found to be disabled, based on marked restrictions in activities of daily living and activities necessary to complete a normal workday without interruption from psychological symptoms (Ex. 14F/8). The claimant's impairments were found to have met or medically equaled listing 12.04 (*Id*.). The criteria for State of Michigan Department of Human Services benefits is different from the criteria of Social Security Administration. Social Security Ruling 96-5p provides that the Administration is responsible for making the determination or decision concerning disability. A statement by a medical source or other agency that a claimant is "disabled" or "unable to work" does not mean that the Administration will find the claimant "disabled" within the meaning of the Social Security Act and Regulations. The opinions noted in Exhibit 14F were an administrative finding reserved to the Commissioner, and were inconsistent with the record as a whole. Therefore, no weight is given to the opinions found in Exhibit 14F.

PageID.108.

Under the regulations, a disability finding by the State of Michigan is not binding on the Social Security Administration:

7

>A decision by any nongovernmental agency any other governmental agency about whether you are disabled or blind is based upon its rules and is not our decision about whether you are disabled or blind. We must make a disability or blindness determination based on social security law. Therefore, a determination made by another agency that you are disabled or blind is not binding on us.

20 C.F.R. § 404.1504. While the ALJ is not bound by the State's decision, she should consider the decision along with the other evidence in the administrative record:

>Our regulations at 20 CFR 404.1527(e) and 416.927(e) make clear that the final responsibility for deciding certain issues, such as whether you are disabled, is reserved to the Commissioner (see also SSR 96-5p, "Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner"). However, we are required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies (20 CFR 404.1512(b)(5) and 416.912(b)(5)). Therefore, evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered.

SSR 06-03p, 2006 WL 2329939 at *6.[2] Nevertheless, as this Court concluded in *Saunders v. Commissioner of Social Security*, No. 1:08-cv-1136, 2010 WL 1132286 at *8, *R&R adopted in* 2010 WL 1132245 (W.D. Mich. March 23, 2010), "even if the State's process had generated a written opinion, where federal standards were applied and the decision was supported by specific medical records, that opinion would not have been entitled to any particular weight." Here, the ALJ considered the Michigan disability decision and explained why she did not accept it. Accordingly, plaintiff's claim of error is denied.

### C. The ALJ committed reversible error by relying upon a non-examining physician who had not reviewed numerous important records.

Plaintiff does not present any meaningful argument to support this alleged error. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed

---

[2] Defendant notes that while SSRs 96-5p and 06-03p have been rescinded, this is only for purposes of claims filed on or after March 27, 2017. 82 Fed. Register at 15263. Defendant's Brief (ECF No. 15, PageID.1074).

8

argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). Accordingly, this claim of error is deemed waived.

> **D.     The ALJ committed reversible error by using improper boilerplate language and by making improper credibility determinations.**

Plaintiff refers to "boilerplate language" in the ALJ's decision, and cites *Bjornson v. Astrue*, 671 F.3d 640 (7th Cir. 2012) for the general proposition that such boilerplate language was meaningless and not helpful to the reviewing court and to a sentence in the ALJ's decision that plaintiff was not fully credible because he was not always compliant in the use of his medicines. Plaintiff has not presented a meaningful argument in support of this error. *McPherson*, 125 F.3d at 995-96. Accordingly, this claim of error is deemed waived.

### IV.     CONCLUSION

The ALJ's determination is supported by substantial evidence. The Commissioner's decision will be **AFFIRMED** pursuant to 42 U.S.C. § 405(g). A judgment consistent with this opinion will be issued forthwith.

Dated: March 28, 2019              /s/ Ray Kent
                                   United States Magistrate Judge